**Mona JANKOVICH, Plaintiff–Appellant,**

v.

**EXELON CORPORATION and Commonwealth Edison Company, Defendants–Appellees.**

No. 03–1536.

United States Court of Appeals, Seventh Circuit.

Argued July 8, 2003.

Decided Aug. 19, 2003.

Andrew H. Haber, Favaro, Buzek & Gorman, Palatine, IL, for Plaintiff–Appellant.

Scott E. Gross, Sidley, Austin, Brown & Wood, Chicago, IL, for Defendants–Appellees.

Before KANNE, ROVNER, and WILLIAMS, Circuit Judges.

### ORDER

On the day before her thirtieth anniversary working for Commonwealth Edison Co., Mona Jankovich was fired. ComEd says it fired her because she received poor reviews two years in a row. But Jankovich believed she was fired because of her age (at the time she was 49) and because she was about to become entitled to significantly increased pension and severance benefits. She sued both ComEd and its parent corporation, Exelon, under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* The district court granted summary judgment to the defendants on her age discrimination claim because she could not establish a *prima facie* case or pretext, and on her ERISA claim because she could not establish that ComEd intended to deny her pension benefits. We affirm.

The following facts are undisputed. Jankovich engineered projects for the customers of ComEd, a utility company that provides electricity to the Chicago area. In 1999 she transferred from ComEd's Joliet office to its office in University Park. After the transfer, Jankovich's new supervisor, Lee Hahs, began receiving complaints about her work. Two coworkers complained to Hahs that Jankovich's work orders were incomplete. Another complained to Hahs that her work orders were sloppy and that he disagreed with her engineering proposals.

In December Hahs met with Jankovich to discuss her 1999 year-end evaluation. He told her about one of her coworkers' complaints but gave her a "B" rating, meaning that she met expectations. Hahs later lowered her rating to a "C"—did not meet expectations—after ComEd ordered all management employees to be reevaluated. ComEd told supervisors that too many employees had received favorable ratings considering the number of highly publicized power outages that had occurred in Chicago during the previous summer. As a result of this reevaluation, Jankovich was given a Performance Improvement Action Plan, which identified areas in which she needed to improve. The Plan directed Jankovich to discuss her

engineering projects with coworkers earlier and more often.

Although Jankovich's performance improved during the first half of 2000, complaints about her resumed later in the year when she left for three weeks' vacation in August. During her absence coworkers complained that she had left behind work orders that were incomplete, out of order, and could not be entered into the computer. In October 2000 Hahs left Jankovich's department and was replaced by Francisco Perez. Before leaving, Hahs told Perez about the complaints he had received about Jankovich's work. Shortly after Perez's arrival, Jankovich took another vacation. While she was gone, a ComEd customer called Perez to complain that Jankovich was taking too long to complete an engineering project. Perez subsequently gave Jankovich a "C" rating on her 2000 year-end evaluation. According to its policy requiring that employees who received two consecutive "C" ratings be fired, ComEd fired Jankovich on February 6, 2001.

After exhausting her administrative remedies with the EEOC, Jankovich sued, alleging violations of the ADEA and ERISA. The defendants filed a motion for summary judgment, which the district court granted. The court held that the defendants were entitled to summary judgment on her age discrimination claim for two reasons. First, the court held that Jankovich could not establish a *prima facie* case of discrimination because she did not show that she was meeting ComEd's legitimate expectations (as reflected by coworkers' complaints), or that any similarly situated employee was treated better than her. And even if Jankovich could establish a *prima facie* case, the court held, she could not establish that ComEd's reason for firing her—a "C" rating from her supervisors two years in a row—was pretextual. The court also granted summary judgment to the defendants on Jankovich's ERISA claim, but she appeals only the grant of summary judgment on her age discrimination claim.

Jankovich offered no evidence of discrimination under the direct method, and instead attempted to establish discrimination under the indirect method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the indirect method, a plaintiff may establish a *prima facie* case of age discrimination by showing that 1) she is at least 40 years old; 2) she met her employer's legitimate expectations; 3) she suffered an adverse employment action; and 4) similarly situated younger employees were treated more favorably. *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 574 (7th Cir.2003). If the plaintiff succeeds, the burden then shifts to her employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the employer meets its burden, the plaintiff must then show that the proffered reason is merely a pretext for unlawful discrimination. *Id.*

■ Jankovich argues that the district court overlooked her evidence that she met ComEd's legitimate expectations and that a similarly situated employee also generated complaints but was not fired. For instance, she contends that the court failed to take into account her "years of satisfactory reviews." But the legitimate expectations inquiry focuses on an employee's performance at the time she was fired, not her performance in the past. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 545–46 (7th Cir.2002). Jankovich does not dispute that after her transfer in 1999, coworkers and a ComEd customer began complaining to her supervisors about her work. She argues, however, that the court should focus only on her pre–1999 reviews because ComEd changed its expectations

that year when it ordered that employees be reevaluated. But given the repeated complaints about her incomplete work orders, she cannot show that she would have met ComEd's expectations even under its old standards. Jankovich may have had an unblemished work record for most of her career at ComEd, but the district court correctly concluded that she was not meeting the company's legitimate expectations at the time she was fired.

As for her evidence that she was treated worse than similarly situated employees, Jankovich contends that the district court overlooked a customer's complaint about a younger engineer, Anka Knezevic, who was not fired. The court did appear to overlook the complaint when it concluded that "Jankovich has not shown that there were complaints about Knezevic's work performance." But the single complaint about Knezevic's work involved a complex project that her supervisor believed should not even have been assigned to such an inexperienced employee. *Id.* In contrast, Jankovich was an experienced engineer and the complaints about her were numerous. Employees are not similarly situated when relatively minor complaints about one employee "pale in comparison" to numerous, more serious complaints about the other. *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 330 (7th Cir.2002).

Because Jankovich failed to establish any error in the court's analysis of her *prima facie* case, she cannot establish discrimination under the indirect method of proof and therefore we need not address whether she could establish pretext. *Id.* at 331–32.

For the preceding reasons, we AFFIRM the judgment of the district court.